**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY<br>    *Plaintiff,*<br><br>v.<br><br>BAKX, *et al*,<br>    *Defendants*. | )  CASE NO. 23-cv-1474 (KAD)<br>)<br>)<br>)<br>)<br>)<br>)  March 30, 2026<br>) |

**MEMORANDUM OF DECISION**
**RE: MOTION TO DISMISS (ECF NO. 68) AND MOTION FOR SUMMARY**
**JUDGMENT (ECF NO. 71)**

Kari A. Dooley, United States District Judge:

This interpleader action concerns the proper distribution of life insurance proceeds following the death of William E. Murray, IV (the "Decedent"), who had not designated a beneficiary to his life insurance policy by the time of his death. There are two Claimants for the proceeds. The first is the Decedent's ex-wife, Sarah Bakx, who relies upon a marriage dissolution agreement requiring the Decedent to maintain a life insurance policy for the benefit of their minor son. The second is Cristina Martinez, the Decedent's wife at the time of his death. Ms. Martinez's interest is pursued by the Trustee in Ms. Martinez's Chapter 7 Bankruptcy proceeding. Before the Court is the Trustee's Motion to Dismiss for lack of subject matter jurisdiction, *see* Mot. to Dismiss, ECF No. 68, and the Trustee's Motion for Summary Judgment, *see* Mot. for Sum. J., ECF No. 71.

Upon review of the record submissions, for the reasons that follow, the Court finds that the Bankruptcy Estate of Cristina Martinez is entitled to the interpleader funds. The Motion to Dismiss, ECF No. 68, is **DENIED**. The Motion for Summary Judgment, ECF No. 71, is **GRANTED**.

**Background**

The Court assumes the parties' familiarity with the complicated procedural and factual history in this matter. The Court provides the following summary of the allegations only to provide context to its decision. As discussed *infra*, the allegations are largely undisputed.

Metropolitan Life Insurance Company ("MetLife") initiated this action as an interpleader. Compl., ECF No. 1. On January 1, 2015, MetLife issued a group life insurance policy to The Travelers Companies, Inc. ("Travelers") to provide basic life benefits to their employees and retirees. *Id*. at ¶¶ 7–8. The Decedent, an employee at Travelers, was a participant in the plan at the time of his death and he qualified for the plan's benefits. *Id*. at ¶ 8. Following the Decedent's death, MetLife was met with competing claims for the $480,000 owed in connection with the policy issued. *Id*. at ¶ 9. These competing claims come from Ms. Bakx and Ms. Martinez. *Id*. Ms. Bakx is the former spouse of the Decedent, with their divorce finalized in 2013. *Id*. at ¶¶ 16–17. Ms. Martinez is the surviving spouse of the Decedent. *Id*. at ¶ 15.

Ms. Bakx's claim for the insurance policy derives from language in her marriage dissolution agreement with the Decedent. *Id*. at ¶ 17. The agreement required the Decedent to maintain a life insurance policy with an unencumbered death benefit of $500,000 on behalf of the Decedent and Ms. Bakx's minor son, W.M. *Id*. Ms. Martinez was married to the Decedent at the time of his death. *Id*. at ¶ 15. Ms Martinez's claim is based on the language of the plan itself as the spouse of the Decedent. *Id*. at ¶¶ 13, 15. The plan provides that if there is no beneficiary designated, as was the case here, the beneficiary will be determined by a set order, with the surviving spouse being the first priority. *Id*. at ¶ 13. MetLife, as a stakeholder, declined to determine the proper beneficiary of the policy benefits to avoid exposure to double liability. *Id*. at ¶ 23. Accordingly, MetLife brought this action to request that the Court determine to whom the

policy benefits should be paid.  *Id*. at ¶ 24.  MetLife has deposited the funds with the Registry of the Court.  *See* Order, ECF No. 25.

In February 2024, Martinez filed a petition under Chapter 7 of the U.S. Bankruptcy Code. Mot. to Substitute, ECF No. 40 at 2.  Attorney Anthony Novak was named Trustee of the Bankruptcy Estate of Ms. Martinez and has therefore been substituted by this court as her successor in interest.  *Id*.; Order, ECF No. 41.  On behalf of Ms. Martinez's bankruptcy estate, Novak has filed a Motion to Dismiss and a Motion for Summary Judgment.  Mot. to Dismiss, ECF No. 68; Mot. for Sum. J., ECF No. 71.[1]

**Standard of Review**

The standard under which courts review motions for summary judgment is well-established.  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" if it "might affect the outcome of the suit under the governing law," while a dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citations omitted).

Significantly, the inquiry being conducted by the court when reviewing a motion for summary judgment focuses on "whether there is the need for a trial — whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because

---

[1] Although the Trustee pursues both dispositive motions independently, *see* ECF No. 71 at 1, the Court finds that in granting the Motion for Summary Judgment, it is not necessary to address the full merits of the Motion to Dismiss. The Court finds, contrary to the Trustee's argument, that the Court has subject matter jurisdiction over this claim. Rule 22 of the Federal Rules of Civil Procedure allows a stakeholder to interplead multiple defendants when their claims are such that they may "expose a plaintiff to double or multiple liability." Fed. R. Civ. P. 22(a)(1).  There must also be an independent jurisdictional basis — here the parties are diverse and the amount in controversy is in excess of $75,000.  28 U.S.C. § 1332.  As such, the Court has jurisdiction to adjudicate the matter and the Motion to Dismiss is DENIED.

they may reasonably be resolved in favor of either party." *Id*. at 250. As a result, the moving party may satisfy his burden under Rule 56 "by showing . . . that there is an absence of evidence to support the nonmoving party's case" at trial. *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam) (internal quotation marks and citations omitted). Once the movant meets his burden, the nonmoving party "must set forth 'specific facts' demonstrating that there is 'a genuine issue for trial.'" *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (quoting Fed. R. Civ. P. 56(e)). "[T]he party opposing summary judgment may not merely rest on the allegations or denials of his pleading" to establish the existence of a disputed fact. *Id*.; *accord Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990). "[M]ere speculation or conjecture as to the true nature of the facts" will not suffice. *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citations and internal quotation marks omitted). Nor will wholly implausible claims or bald assertions that are unsupported by evidence. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991); *Argus Inc. v. Eastman Kodak Co.*, 801 F.2d 38, 45 (2d Cir. 1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

In determining whether there exists a genuine dispute as to a material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)). "In deciding a motion for summary judgment, the district court's function is not to weigh the evidence or resolve issues of fact; it is confined to deciding whether a rational juror could find in favor of the non-moving party." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 254 (2d Cir. 2002) (citation omitted).

4

**Facts**

The facts are taken from the Trustee's Local Rule 56(a)1 Statement of Undisputed Facts, and the record evidence submitted. In contravention of the Local Rules, Ms. Bakx did not dispute any of the Trustee's factual assertions and did not submit a Rule 56(a)2 statement at all. *See* Opp. to Mot. for Sum. J., ECF No. 74. As such, all of the Trustee's factual assertions that are supported by record evidence are deemed admitted. *See*, *e.g.*, *Buell v. Hughes*, 568 F. Supp. 2d 235, 237 (D. Conn. 2008) (citing D. Conn. L. Civ. R. 56(a); *SEC v. Global Telecom Servs. LLC*, 325 F. Supp. 2d 94, 109 (D. Conn. 2004)) (admitting paragraphs that the nonmoving party denied because the denials did not cite affidavits or evidence, contrary to the Local Rules); *Matteson v. Safeco Ins. Co. of Ill.*, 593 F. Supp. 3d 5, 10 (D. Conn. 2022) (finding a court may deem all supported facts admitted where a party "has not submitted a Rule 56(a)2 Statement at all").[2]

MetLife issued the life insurance policies at issue in this matter that were in place when the Decedent died on December 25, 2022. Tr. LRS, ECF No. 71-3 at ¶ 2. The Decedent was employed by Travelers and the policies were procured through Travelers' ERISA[3]-controlled employee benefits plan. *Id*. at ¶ 3. Ms. Bakx and the Decedent were divorced in 2013. *Id*. at ¶ 6. The Decedent married Ms. Martinez on November 24, 2018. *Id*. at ¶ 7.

The insurance policies are governed by the applicable ERISA plan documents. *Id*. at ¶ 9; *see also* Joint Status Report, ECF No. 46 at 7. The plan documents provide that if there is no designated beneficiary of the life insurance policies, the proceeds are payable to the decedent's surviving spouse. Tr. LRS, ECF No. 71-3 at ¶ 10. The Decedent had not designated a beneficiary

---

[2] Although she failed to submit a Local Rule 56(a)2 Statement, Ms. Bakx's opposition contains multiple factual assertions wholly unsupported by record evidence. *See* Opp. to Mot. for Sum. J., ECF No. 74.

[3] Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq.

under the policies. *Id*. ¶ 11. The parties do not dispute that Ms. Martinez is the Decedent's surviving spouse. Id. at ¶ 8.

The 2013 dissolution agreement between the Decedent and Ms. Bakx contained the following provision:

> "[Decedent] shall maintain [Ms. Bakx] as Trustee for the minor child [W.M.] as sole, irrevocable beneficiary on a policy of life insurance having an unencumbered death benefit of at least $500,000.00 until the minor child's 23rd birthday . . . In the event that [Decedent] dies without life insurance according to the terms of this agreement, then the requirements as set forth in this paragraph shall become a priority claim against his estate. [Decedent] shall provide [Ms. Bakx] with the annual proof of compliance with this order on the anniversary date of the divorce and shall authorize [Ms. Bakx] to check on [the] policy status directly with the insurance company."

Ex., ECF 71-2 at 39–40.

Notwithstanding the requirements set forth above, the Decedent did not maintain such a policy and Ms. Bakx never sought nor received proof of compliance with this provision, annually or ever. Joint Status Report, ECF No. 46 at 6–7. Moreover, Ms. Bakx did assert a priority claim against the Decedent's estate. *Id*. at 7. The administrator of the estate accepted Ms. Bakx's priority claim and she received the total proceeds of the CETERA 401(k) account that the decedent maintained in the amount of $212,835.88 on behalf and for the benefit of their minor son. *Id*.

**Discussion**

The Trustee moves for summary judgment on the grounds that (1) distribution of the proceeds of life insurance policies must be paid pursuant to the terms of the plan documents and (2) state laws and remedies are preempted by ERISA and unavailable to Ms. Bakx and her minor son. *See* Mot. for Sum. J., ECF No. 71-1 at 1.

*Distribution of Life Insurance Policy Proceeds*

The Trustee first moves for summary judgment on the basis that policy proceeds must be distributed according to the plan terms.  Mot. for Sum. J., ECF No. 71-1 at 5–6.  The plan documents identify the surviving spouse as the rightful distributee, which in this instance, entitles the Trustee to the distribution of the funds as the representative of the surviving spouse's bankruptcy estate.  *Id.*; Order, ECF No. 41.  The Court agrees.

The parties do not dispute that the plans at issue here are governed by ERISA.  *See* Joint Status Report, ECF No. 46 at 7.  The Supreme Court has held that ERISA "generally obligates administrators to manage ERISA plans 'in accordance with the documents and instruments governing' them." *Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 288 (2009) (internal citations omitted).  "Thus, ERISA requires that 'benefits be paid . . . in accordance with plan documents.'" *Reliance Standard Life Ins. Co. v. Luna*, No. 21-0189 (GRB)(SIL), 2023 WL 9232955, at *5 (E.D.N.Y. Dec. 8, 2023) (quoting *Egelhoff v. Egelhoff*, 532 U.S. 141, 150 (2001)).

Here, it is undisputed that the plan documents designate the policyholder's surviving spouse as the beneficiary when a beneficiary is not specified.  Joint Status Report, ECF No. 46 at 7.  It is further undisputed that Ms. Martinez was the surviving spouse at the time of the Decedent's death.  *Id.*  As Ms. Martinez's successor in interest, the Trustee, takes the place of Ms. Martinez and becomes the rightful distributee according to the plan documents.  *See* Order, ECF No. 41.

Ms. Bakx's Opposition to the Motion for Summary Judgment is difficult to understand.  To the extent she asserts claims under ERISA as a plan "fiduciary," *see* Opp. to Mot. for Sum. J., ECF No. 74 at 6, the argument appears to be spun of whole cloth.  She had no role under the plan documents and the marriage dissolution did not somehow turn her into a fiduciary under ERISA. *See* Ex., ECF 71-2 at 39–40.  She cites no authority to the contrary.

7

Ms. Bakx also asserts that she "has been granted discretionary authority in how the decedent[']s policy should be run and handled through court order[.]" Opp. to Mot. for Sum. J., ECF No. 74 at 6. This assertion is completely unsupported by fact or law. Although the marriage dissolution, indeed, required the decedent to keep a life insurance policy with their minor son as a beneficiary, Ex., ECF 71-2 at 39–40, Ms. Bakx has no such discretionary authority with respect to the policy. The marriage dissolution agreement allowed Ms. Bakx very limited authority: "[Decedent] shall provide [Ms. Bakx] with annual proof of compliance with this order on the anniversary date of the divorce and *shall authorize [Ms. Bakx] to check on [the] policy status directly with the insurance company*." *Id*. at 40 (emphasis added). It is clear that Ms. Bakx had only the authority to check whether the Decedent was in compliance with his obligations. There is simply no suggestion that she can posthumously reform his ERISA benefits plan in a fashion that would force him to honor his marriage dissolution agreement. To the contrary, the parties had negotiated a remedy in the event that the Decedent were to breach the life insurance provision. *Id*. As a remedy, Ms. Bakx is entitled to a priority claim against his estate, which is a remedy she has pursued. *Id*.; Joint Status Report, ECF No. 46 at 7.

Finally, Ms. Bakx contends that because there was no beneficiary designated in the policy, "there should be no preference or priority given to Defendant Martinez." Opp. to Mot. for Sum. J., ECF No. 74 at 4. This assertion simply avers that the Court should *ignore* applicable plan documents, which this Court cannot do. *See Egelhoff*, 532 U.S. at 147; *see also Kennedy*, 555 U.S. at 288; Joint Status Report, ECF No. 46 at 7.

For the foregoing reasons, the Court finds there is no genuine issue of material fact that the plan provides for distribution to a surviving spouse if no beneficiary has been designated. Joint Status Report, ECF No. 46 at 7. The Trustee is entitled to judgment as a matter of law because

Ms. Martinez was the rightful distributee, *see id*., and the Trustee is her successor in interest. *See* Fed. R. Civ. P. 56(a); Order, ECF No. 41.

*Preemption Under ERISA*

Notwithstanding the above, Ms. Bakx asserts that she is entitled, under Connecticut law, to have the proceeds placed in a constructive trust for the benefit of her minor child. *See* Opp. to Mot. for Sum. J., ECF No. 74 at 3–7. The Trustee maintains that Connecticut law is preempted by ERISA. Mot. for Summ. J., ECF No. 71-1 at 6–11. However, the Court need not determine whether the law upon which Ms. Bakx relies is preempted because even under Connecticut law, she is not entitled to a constructive trust. *See John Hancock Life Ins. Co. v. Curtin*, 219 Conn. App. 613 (2023) (Constructive trust not available where dissolution agreement requiring the maintenance of life insurance also included a remedy in the event the agreement was breached.) The Court sees no meaningful basis upon which to distinguish *John Hancock* from the circumstances presented here, especially where Ms. Bakx has already availed herself of the remedy provided under the dissolution agreement. See Joint Status Report, ECF No. 46 at 7.

**Conclusion**

For the foregoing reasons, the Trustee's Motion to Dismiss, ECF No. 68, is **DENIED** and the Motion for Summary Judgment, ECF No. 71, is **GRANTED**. The Clerk is directed to enter judgment for the Trustee. The Trustee shall submit a Proposed Order for the release of the Interpleader Funds on or before April 17, 2026.

**SO ORDERED** at Bridgeport, Connecticut, this 30th day of March 2026.

　/s/ Kari A. Dooley　　　　　
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE

9